# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

BILAL KONTE, )
　)
　Plaintiff, )
　)
-vs- ) Case No. CIV-19-1101-F
　)
CITY OF OKLAHOMA CITY and )
DETECTIVE JEFF GOLINGHORST, )
　)
　Defendants. )

## ORDER

On November 25, 2019, plaintiff, Bilal Konte, filed an original complaint against defendant, City of Oklahoma City, and defendant, Jeff Golinghorst, individually[1] and in his official capacity as a detective for the City of Oklahoma City, seeking monetary relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Specifically, plaintiff alleges that he was maliciously prosecuted in violation of his Fourth and Fourteenth Amendment rights.

After reviewing the complaint and taking judicial notice of the records in plaintiff's criminal cases filed in the District Court for Oklahoma County, the court, on December 6, 2019, ordered plaintiff, by December 30, 2019, to show cause–that is, to fully detail any reason, including possible tolling–why his 42 U.S.C. § 1983 complaint and action against defendants, City of Oklahoma City and Detective Jeff Golinghorst, should not be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) as barred by the applicable two-year statute of limitations.

---

[1] It is not clear, but it appears that plaintiff may also be alleging a claim against Mr. Golinghorst in his individual capacity.

The court is in receipt of a document entitled "Plaintiff's Original Complaint," filed by plaintiff on December 30, 2019. Upon review, the court construes this document as plaintiff's response to the court's show cause order.

Initially, the court notes that plaintiff states that this action is brought against "Oklahoma County, Oklahoma, District Attorney David Prater, The City of Oklahoma City and Jeff Golinghorst." Doc. no. 6, ¶ 1. Plaintiff's complaint, however, does not name Oklahoma County, Oklahoma or District Attorney David Prater as defendants. Doc. no. 1. In case no. CIV-19-942-F, this court previously dismissed plaintiff's complaint and action under 42 U.S.C. § 1983 against Oklahoma County, Oklahoma and District Attorney David Prater. The court concludes that to the extent that plaintiff is again alleging the 42 U.S.C. § 1983 claims against these defendants, those claims are subject to dismissal for the same reasons set forth in the court's previous order (doc. no. 8) in Konte v. Oklahoma County, Oklahoma and David Prater, CIV-19-942-F.

As to the 42 U.S.C. § 1983 claims against defendants, The City of Oklahoma City and Jeff Golinghorst, the court concludes that plaintiff has not shown cause why his complaint should not be dismissed by the court under 28 U.S.C. § 1915(e)(2)(B)(ii) as barred by the applicable two-year statute of limitations. Plaintiff asserts that the statute of limitations for his § 1983 complaint and action was tolled by his filing of a civil tort claim against the City of Oklahoma with the Oklahoma City Clerk's Office on October 13, 2017. According to plaintiff, the City of Oklahoma "ignored" the claim. Doc. no. 6, ¶ 18.

Plaintiff's compliance with the notice requirement of Oklahoma's Governmental Tort Claims Act (Act), *see*, 51 O.S. 2011 § 156, does not toll the running of the statute of limitations in his §1983 action. The Act does not apply to § 1983 claims. Even if it were to apply, its application would be forbidden by Felder v. Casey, 487 U.S. 131 (1988). *See*, Peoples v. Finney County Board of Commissioners, 1995 WL 326131,

*2, 56 F.3d 78 (June 1, 1995). The Tenth Circuit rejected a similar argument in Peoples[2] stating:

> In *Felder*, the Supreme Court held that a state notice-of-claim provision was inapplicable to section 1983 actions, whether brought in state or federal court. This was because of such provisions impermissibly burdened section 1983's remedial objectives. Since a civil rights plaintiff cannot be burdened by the provisions of a state law notice requirement, we see no reason why he should be able use it selectively to his advantage, in order to toll the running of the applicable statute of limitations.

The court thus rejects plaintiff's argument that the running of the two-year limitations period was tolled by his resort to filing a notice of tort claim under the Act.

To the extent that plaintiff contends that the running of the statute of limitations should be equitably tolled based upon his filing of a claim in accordance with the Act and the City of Oklahoma City ignoring it, the court finds that plaintiff is not entitled to equitable tolling. Under the Act, the City of Oklahoma City had 90 days to respond to plaintiff's October 13, 2017 notice of tort claim or it would be deemed denied by default. *See*, 51 O.S. 2011 § 157(A). According to plaintiff, the city ignored the claim. The 90-day period expired on January 11, 2018. Plaintiff then had 180 days to commence his lawsuit. *See*, 51 O.S. 2011 § 157(B). The 180-day expired on July 11, 2018. *See, e.g.*, Stout v. Cleveland County Sheriff's Department, 419 P.3d 328, (Okla. Civ. App. 2017). Plaintiff did not file his lawsuit within the 180-day period because his lawsuit was not filed until November 29, 2019. Thus, even if the filing of the notice of the tort claim under the Act (taken together with the inaction of City of Oklahoma City with respect to the claim) could be a basis for equitable tolling, plaintiff is not entitled to equitable tolling because he did not comply with the Act in filing this

---

[2] This unpublished decision is cited as persuasive pursuant to 10th Cir. R. 32.1(A).

lawsuit.  *See*, Cunningham v. City of Waukomis Police Department, 747 Fed. Appx. 704, 707 (10th Cir. 2018) (unpublished decision cited as persuasive).[3]

In addition, for purposes of equitable tolling, plaintiff has not shown that he suffered a "legal disability" at the time his § 1983 claims accrued or that "exceptional circumstances" justify tolling the limitations period.  Cunningham, 747 Fed. Appx. at 707.  Consequently, the court concludes that plaintiff is not entitled to equitable tolling of his § 1983 claims against defendants.

Plaintiff, in his response, also states that there is no time limitation for federal civil rights violations.  That statement, however, is contrary to law.  *See*, McCarty v. Gilchrist, 646 F.3d 1281, 1289 (10th Cir. 2011).

Because plaintiff has failed to show cause why his 42 U.S.C. § 1983 complaint and action against defendants, City of Oklahoma City and Detective Jeff Golinghorst, should not be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) as time- barred, the court finds, for the reasons stated in this order and in the previous order of December 6, 2019, that plaintiff's complaint and action should be so dismissed.

Accordingly, plaintiff, Bilal Konte's 42 U.S.C. § 1983 complaint and action against defendant, City of Oklahoma City, and defendant, Jeff Golinghorst, individually and in his official capacity as a detective for the City of Oklahoma City, is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii) as barred by the applicable two-year statute of limitations.

IT IS SO ORDERED this 2nd day of January, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-1101p003.docx

---

[3] Further, even if the filing of the notice of tort claim would equitably toll the statute of limitations for 90 days until it was deemed denied, plaintiff's complaint was still not timely filed.